# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN J. LEPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ONIN STAFFING, LLC, and | ) | |
| YATES SERVICES, LLC, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

For his Complaint against defendants Onin Staffing, LLC, and Yates Services, LLC, plaintiff Steven J. Lepley states:

## PARTIES

1. Plaintiff is a resident of Knox County, Tennessee, and a former joint employee of defendants.

2. Defendant YATES SERVICES, LLC, ("Yates") is a Mississippi limited liability company. Yates may be served with process by and through its registered agent, CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

3. Defendant ONIN STAFFING, LLC, ("Onin") is an Alabama limited liability company. Onin may be served with process by and through its registered agent, CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

## JURISDICTION AND VENUE

4. This is an action for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964 as amended. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff filed timely Charges of Discrimination and this matter was investigated by the Equal Employment Opportunity Commission, which resulted in the EEOC finding cause to believe that Plaintiff's rights under Title VII were violated. The EEOC issued a conciliation failure and right to sue letter on April 20, 2017; therefore, this suit is timely filed.

## FACTS

6. Plaintiff worked for Yates through a temporary service, Onin, at the Nissan plant in Smyrna, Tennessee.

7. On or about July, 2015, Plaintiff began experiencing sexually inappropriate comments by his supervisor, J.R. Weist, a Yates employee.

8. Mr. Weist continually made sexually inappropriate comments directed to Plaintiff and others on a repeated and frequent basis.

9. On or about December 3, 2015, Plaintiff complained to his Onin supervisor, Barbara Cameron, about the sexually harassing conduct of Mr. Weist.

10. Ms. Cameron, in turn, reported Plaintiff's complaints of sexual harassment to Yates' human resources manager, Greg Persinger.

11. On December 9, 2015, Ms. Cameron stated that Mr. Persinger decided to end Plaintiff's assignment at Yates, and Plaintiff was terminated.

12. Defendants allege that Plaintiff's work assignment ended and that work was no longer available for Yates at the Nissan facility.

13. Defendants' allegations are false, as Yates continued to need staffing at the Nissan plant and continued employing Onin workers at the Nissan facility.

14. After engaging in protected activity as described above, Plaintiff suffered an adverse employment action as Defendants discharged him from his employment.

15. There was a causal connection between Plaintiff's engaging in protected activity and his discharge, which activity was very close in time to his discharge.

16. Defendants' purported reason for discharging Plaintiff is a pretext for unlawful retaliation.

17. As a direct result of defendants' actions, Plaintiff has suffered damages.

18. As a result of their actions, Defendants are liable to Plaintiff in an amount to be determined by the jury for the damages Plaintiff has incurred.

19. As a result of their actions, Defendants are liable for punitive damages, compensatory damages, and for Plaintiff's attorneys' fees.

## CAUSE OF ACTION
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2 (Harassment and Retaliation)

20. Plaintiff incorporates paragraphs 1-19 as if fully written herein.

21. Plaintiff was an "employee" of Defendants within the meaning of Title VII, 42 U.S.C. § 2000e(f).

22. Each Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

23. Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of sex, 42 U.S.C. §§ 2000e(k) & 2000e-2.

24. Plaintiff was repeatedly subjected to verbal abuse by a managerial employee of Defendants, based on sex.

25. Plaintiff repeatedly was subjected to unwelcome sexual harassment in the form of sexual comments from his supervisor.

26. Because of the sexual harassment to which Plaintiff was subjected, and because of his opposition to the harassment, Defendants caused Plaintiff to suffer a tangible adverse employment action.

27. Defendants failed to protect Plaintiff from harassment and failed to respond appropriately once such action caused a hostile work environment in the violation of Title VII of the Civil Rights Act of 1964 as amended.

28. Defendant retaliated against Plaintiff by terminating him because of his opposition to Defendants' managerial employee's sexually offensive, inappropriate and unlawful actions.

**WHEREFORE,** premises considered, Plaintiff demands the following relief:

1. A jury trial and entry of judgment in his favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,


/s/ Stephen W. Grace
Stephen W. Grace (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee  37212
(615) 255-5225


/s/ Kerry Knox
Kerry Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000

Attorneys for Plaintiff

5